| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| DERRICK K. OLIPHANT, | § |
| | § |
| Petitioner, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:10-CV-822 |
| | § |
| M. MARTIN, WARDEN, | § |
| | § |
| Respondent. | § |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Derrick K. Oliphant, an inmate currently confined at FCC Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed as petitioner has failed to show the inadequacy or ineffectiveness of a Section 2255 motion and because petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. FED. R. CIV. P. 72(b). After careful consideration, the court finds petitioner's objections lacking in merit. Petitioner has neither alleged nor demonstrated that his claim is based on a retroactively applicable Supreme

Court decision which establishes that he may have been convicted of a nonexistent offense or that his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal or a Section 2555 motion. Petitioner, therefore, has not made the showing required to invoke the savings clause of Section 2255 as to the claims presented herein and the claims are thus without merit.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issue is subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 7th day of March, 2011.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE